IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BONNIE M. ATKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 6:15-cv-6498 |
| | ) | |
| ROCHESTER CITY SCHOOL DISTRICT; | ) | COMPLA I NT |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |
| _____ | ) | |

## NATURE OF THE ACTION

On behalf of Plaintiff BONNIE M. ATKINS, (referred to hereinafter as "Plaintiff" or "Bonnie Atkins"), for her complaint against ROCHESTER CITY SCHOOL DISTRICT (referred to hereinafter as "Defendant" or "RCSD" or "Employer"), states and alleges as follows:

### Jurisdiction and Venue

1.      This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII") in that Defendant also engaged in discriminatory treatment of Plaintiff on the basis of her race.  This is also an individual age discrimination case insofar as Defendant, by and through authorized agents, engaged in discriminatory and disparate treatment of Plaintiff, an employee over the age of 40, by subjecting her to adverse conditions in employment as a result of her age, with regard to the terms and conditions of employment and termination.  Plaintiff seeks relief under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*

2.      This Court has original jurisdiction over this action, and each count, pursuant to 28 U.S.C. § 1331.

3.      Venue of this action in the United States District Court for the Western District of New York, Rochester Division is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed and subjected to employment discrimination by defendant in the Rochester area, and within the Western District of New York, and a substantial part of the events giving rise to these claims, occurred in said locale.

4.      All conditions precedent to the filing of this lawsuit have been met. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files the instant Complaint within 90 days from her receipt of the "Right To Sue Letter" she received from the EEOC. (**Exhibit** "**A**")

5.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York, Rochester Division.

## <u>PARTIES</u>

6.      Plaintiff, Bonnie M. Atkins, an African American female, and over the age of 40, who is and was at relevant times hereto, a resident of Spencerport, New York, and has been employed by Defendant since about 1972, where she currently serves as an Administrator for the RCSD.

7.      At all relevant times Defendant, Rochester City School District, employed Plaintiff at relevant times hereto, and has continuously operated as a public school district. Located in Rochester, New York, the district operates several schools, all within the jurisdiction

of the Federal Court, Western District, New York and has continuously had at least 15 employees or more.

8.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

## STATEMENT OF CLAIMS

9.     More than thirty days prior to the institution of this lawsuit, Bonnie Atkins filed a charge with the EEOC alleging discrimination by Defendant Employer on the basis of her age and race (black).  All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964. ("Title VII").

11.     The practices include disparate, less favorable treatment of Plaintiff as compared to younger and Caucasian employees, and specifically, Defendant's unjustified and pre-textual targeting of Plaintiff's performance in her "Annual Professional Performance Review" ("APPR").

12.     The effect of the practices complained of above has been to deprive Plaintiff Bonnie Atkins of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age, race, and for which she has been subjected to adverse consequences in employment.

13.     The unlawful employment practices complained of above were intentional.

## FACTUAL ALLEGATIONS

14.    During the 2012-2013 school year, Plaintiff was assigned to work as Principal of the Freddie Thomas High School.

15.    The Freddie Thomas School was one of ten schools in the RCSD targeted for phase-out and closure.

16.    At Freddie Thomas High School, Plaintiff Bonnie Atkins had about 181 students in the 8th grade and the balance of her students (about 340) attended the "All City High School" program during the school year, along with several other students from other "phase-out" high schools.

17.    On or about September 7, 2013, Plaintiff received her APPR with a lowly "Developing" Rating.

18.    This rating was devastating to Plaintiff because it did not reflect the effort and professional competence she had exhibited in her job since she started working for the District in 1972.

19.    Plaintiff inquired into the reasons for her low rating, and discovered that she was rated based upon incorrect data, causing her to receive a lower rating than her colleagues.

20.    Specifically, the data for "Failures" at the "All City High School" program were all attributed to Freddie Thomas High School (the school at which Plaintiff was Principal) instead of their home "Phase-Out" school.

21.     Only the successful students from the "All City High School" program (graduates) were placed under their home (Phase-Out) school, thus falsely attributing to Plaintiff's oversight of an artificially higher share of failing students.

4

22.     In addition to the foregoing, Plaintiff Bonnie Atkins was not given credit for the generally successful "accelerated" 8th graders who, by and large, performed positively on the Regents Exams.

23.     Plaintiff appealed her APPR, which was based on false information and data, only to be wrongfully denied in said appeal.

24.     A similarly situated administrator/Principal ("Sandra J.") appealed her rating of "Developing" and was successful in her appeal. Ultimately, Sandra J.'s APPR evaluation of "Developing" was changed to reflect satisfactory performance.

25.     In addition to the foregoing, Plaintiff alleges that she has been subject to different terms and conditions of employment based upon her age, in willful violation of the ADEA, as amended because the ratings of similarly situated individuals who were significantly younger than Plaintiff did not include their "home school" failures from the "All City High School" program as Plaintiff's did.

26.     Plaintiff further alleges that she was subjected to different terms and conditions of employment based on her race in willful violation of Title VII of the Civil Rights Act, as amended, because the ratings of similarly situated individuals who are not Black also did not include their "home school" failures from the "All City High School" program, as did Plaintiff's.

27.     The unlawful employment practices, including discrimination and disparate impact discrimination complained of herein above were intentional.

28.     The unlawful employment practices complained of herein above were done with malice or with reckless indifference to the federally protected rights of Bonnie Atkins.

29.    The present Complaint shall have been filed in the Federal District Court, Western District of New York, fewer than 90 days after receiving the Right To Sue letter from the Equal Employment Opportunity Commission.

## COUNT I. AGE DISCRIMINATION

30.    Plaintiff hereby incorporates by reference each and every allegation and averment made above as though fully set forth herein.

31.    RCSD discriminated against Plaintiff because of her age in willful violation of the ADEA by subjecting Plaintiff to materially adverse employment conditions as a result of her age, and by impeding the likelihood of promotion with the District, or desired transfers within the District as well as by subjecting her to discipline that could threaten her career of over 40 years.

32.    As a direct and proximate result of Defendant's unlawful and willful age discrimination against Plaintiff, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, upon information and belief, lost salary and wages, fringe benefits, and other forms of compensation, as well as loss of career opportunity and advancement, and in other respects, in amounts yet to be determined.

## COUNT II.    RACE/NATIONALITY DISCRIMINATION

33.    Plaintiff hereby incorporates by reference each and every allegation and averment made above as though fully set forth herein.

34.    RCSD discriminated against Plaintiff because of her race in willful violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. by subjecting Plaintiff to materially adverse employment conditions as a result of her race.

35.     As a direct and proximate result of Defendant's unlawful and willful race discrimination against Plaintiff, and Defendant's disparate treatment of Plaintiff because of her race, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary and wages, fringe benefits, and other forms of compensation, as well as loss of career opportunity and advancement, , and in other respects, all in amounts yet to be determined, but reasonably believed to exceed the minimum amount required to bring an action in this court.

## PRAYER FOR RELIEF

**Wherefore**, the Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating qualified individuals from employment due to age, or race.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to those employees over the age of 40, and to African American employees, which policies eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Bonnie Atkins by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make whole Bonnie Atkins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein-above, in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Bonnie Atkins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices, including age and race discrimination complained of herein-above, which caused emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Bonnie Atkins individual punitive damages for its malicious and reckless conduct, as described herein-above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

S:// James D. Hartt
**JAMES D. HARTT, ESQ.,**
**Attorney For Plaintiff-Admitted to**
**Practice in WDNY Federal Court**
**70 Linden Oaks, Third Floor**
**Rochester, NY 14625**
**Telephone: (585) 490-7100**
**Fax: (585) 425-0579**

ORIGINAL of the foregoing was
Filed this 20th Day of August, 2015 with:
The Clerk of the Federal District Court
Western District of New York, Rochester Division